ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Plaintiff-appellant Tracy Sellers ("Sellers") appeals the judgment of the trial court granting defendant-appellee Metrohealth Clement Center for Family Care's ("Metrohealth") motion for summary judgment. For the reasons set forth below, we affirm.
 {¶ 2} A review of the record reveals that on December 18, 2000, Sellers accompanied a friend to a doctor's appointment at Metrohealth. Sellers and her friend walked through the parking lot and approached the sidewalk. On the way up the landing leading to the sidewalk, Sellers took three steps in "mushy snow" before slipping and falling on her knees. Sellers sustained a broken left knee and required surgery. She filed a negligence complaint against Metrohealth in 2002. Metrohealth moved for summary judgment, which the trial court granted in 2003. It is from this ruling that Sellers now appeals, asserting four assignments of error for our review, which we address together. Each assignment of error challenges the trial court's order granting summary judgment in favor of Metrohealth.
 {¶ 3} Appellate review of summary judgments is de novo.Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336; Zemcik v. La Pine Truck Sales Equipment
(1998), 124 Ohio App.3d 581, 585. The Ohio Supreme Court restated the appropriate test in Zivich v. Mentor Soccer Club,82 Ohio St.3d 367, 369-70, 1998-Ohio-389, as follows:
 {¶ 4} "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor."
 {¶ 5} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Mootispaw v. Eckstein, 76 Ohio St.3d 383, 385,1996-Ohio-389. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg, 65 Ohio St.3d 356, 358-59,1992-Ohio-95.
 {¶ 6} In order to prevail on a negligence claim, a plaintiff must prove (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, and (3) that the breach of the duty proximately caused the plaintiff's injury. Chambers v.St. Mary's School, 82 Ohio St.3d 563, 565, 1998-Ohio-184.
 {¶ 7} Sellers maintains that Metrohealth breached its duty of ordinary and reasonable care in maintaining its premises, including the means of ingress and egress, in a reasonably safe condition. She further avers that Metrohealth's efforts to remove snow and ice from the parking lot and landing on which she fell created an unreasonable risk of harm and a substantially more dangerous condition than she could have reasonably anticipated. It follows, Sellers argues, that a genuine issue of material fact exists regarding Metrohealth's negligence.
 {¶ 8} Metrohealth contends that Sellers fell as a result of a natural accumulation of ice and snow which was open and obvious and as such, it had no duty to remove such accumulations, nor to warn her of attendant dangers. We agree with Metrohealth.
 {¶ 9} In Flint v. Cleveland Clinic Found., Cuyahoga App. Nos. 80177 and 80478, 2002-Ohio-2747, this court recently set forth the duty owed to a business invitee in regard to the removal of snow and ice from the premises, as follows:
 {¶ 10} "The general rule in Ohio is that an owner or occupier of land ordinarily owes no duty to business invitees to remove natural accumulations of ice and snow from the sidewalks on the premises, or to warn the invitees of the danger associated with natural accumulations of ice and snow. The underlying rationale is that everyone is presumed to appreciate the risk associated with natural accumulations of ice and snow and therefore, everyone is responsible to protect himself or herself against the inherent risks presented by natural accumulations of ice and snow."
 {¶ 11} "Liability may attach, however, if the owner or occupier negligently causes or permits an unnatural accumulation of ice or snow. An `unnatural' accumulation of snow and ice is one that has been created by causes and factors other than meteorological forces of nature such as the inclement weather conditions of low temperature, strong winds and drifting snow." [Internal citations omitted.]
 {¶ 12} Therefore, the relevant inquiry is whether a genuine issue of material fact exists regarding whether Sellers' fall was caused by an unnatural accumulation of snow and ice. We disagree with Sellers' contention that Metrohealth's attempt to plow the snow and salt the area resulted in a substantially more dangerous condition which she could not have reasonably anticipated.
 {¶ 13} Regarding slip and fall cases involving the accumulation of snow and ice, the Ohio Supreme Court has stated:
 {¶ 14} "[S]now and ice are a part of wintertime life in Ohio." Lopatkovich v. City of Tiffin (1986), 28 Ohio St.3d 204. The Court went on to state:
 {¶ 15} "In a climate where the winter brings frequently recurring storms of snow and rain and sudden and extreme changes in temperature, these dangerous conditions appear with a frequency and suddenness which defy prevention and, usually, correction. * * * To hold that a liability results from these actions of the elements would be the affirmance of a duty which it would often be impossible, and ordinarily impracticable * * * to perform." Id. See, also, Brinkman v. Ross (1993),68 Ohio St.3d 82, 623 N.E.2d 1175.
 {¶ 16} Sellers is an adult who was born and raised in Cleveland She testified in her deposition that it had been snowing in Cleveland since Thanksgiving and that new snow had just fallen that morning. In fact, Sellers testified that it was snowing while she and her friend were on their way to Metrohealth. Sellers walked through the parking lot and up the landing to get to the sidewalk. She noticed that mushy wet snow was on the landing but stated that she slipped on ice under the slush, which was not immediately visible to her. However, it is well-settled that "[s]lush is a natural phenomenon of changing weather conditions." Hoenigman v. McDonald's Corp. (Jan. 11, 1990), Cuyahoga App. No. 56010, See, also, Kinkey v. JewishHosp. Assn. of Cincinnati (1968), 16 Ohio App.2d 93, 96.
 {¶ 17} We find that Sellers was aware of the weather conditions on the day of her fall. She failed to establish that Metrohealth created a substantially more dangerous condition which she could not have reasonably anticipated. Based on her testimony at deposition regarding the weather conditions that day, she could have reasonably anticipated that snow, slush and ice would be on the landing leading up to the sidewalk. We find that the trial court's decision to grant summary judgment in favor of Metrohealth was proper in the absence of any evidence that her fall was caused by something other than the natural accumulation of snow and ice. We find that no genuine issue of material fact exists regarding negligence on the part of Metrohealth.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., and Cooney, J., concur.