JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant Deborah Edvon ("Edvon") appeals the trial court's granting summary judgment for defendants-appellees Ann Gohel ("Gohel"), Elite Realty, Charles Lyons ("Lyons"), and Gary Kubene ("Kubene"). We find no merit to this appeal and affirm.
 {¶ 2} On January 19, 2000, Edvon drove to Elite Realty's office in Middleburg Heights for a meeting with Ann Gohel. She parked her car in the lot behind the building, as Gohel had advised. As she exited her car, she caught her left foot in cracked ice and fell. She broke her leg and was required to undergo extensive surgery and physical therapy.
 {¶ 3} The parking lot was owned and operated by Charles Lyons and Gary Kubene, who employed Pro-Cut, Inc. for purposes of snow and ice removal. In accordance with their contract, Pro-Cut was required to plow the parking lot whenever the snow exceeded two inches. Pro-Cut had last plowed the parking lot six days prior to Edvon's injury.
 {¶ 4} Edvon filed suit, alleging that the negligence of Elite Realty, Gohel, Lyons, and Kubene proximately caused her injuries. The defendants moved for summary judgment, which the trial court ultimately granted.
 {¶ 5} In granting summary judgment on the negligence claim, the trial court found that Elite Realty and Ann Gohel were not liable because they neither owned nor controlled the parking lot. The court further found that the existence of ice on the parking lot surface was a natural accumulation, which was so open and obvious that defendants had no duty to warn against it or remove it. In reaching this conclusion, the court rejected Edvon's claim that the defendants negligently caused an unnatural accumulation of ice by their plowing methods.
 {¶ 6} Edvon appeals the court's decision as it pertains to her negligence claim and raises four assignments of error.[1]
 {¶ 7} Appellate review of summary judgments is de novo.Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336; Zemcik v. La Pine Truck Sales Equipment
(1998), 124 Ohio App.3d 581, 585. The Ohio Supreme Court set forth the appropriate test in Zivich v. Mentor Soccer Club,82 Ohio St.3d 367, 369-370, 1998-Ohio-389, as follows:
{¶ 8} "Pursuant to Civ.R. 56, summary judgment is appropriatewhen (1) there is no genuine issue of material fact, (2) themoving party is entitled to judgment as a matter of law, and (3)reasonable minds can come to but one conclusion and thatconclusion is adverse to the nonmoving party, said party beingentitled to have the evidence construed most strongly in hisfavor. Horton v. Harwick Chem. Corp., 73 Ohio St.3d 679,1995-Ohio-286, paragraph three of the syllabus. The party movingfor summary judgment bears the burden of showing that there is nogenuine issue of material fact and that it is entitled tojudgment as a matter of law. Dresher v. Burt,75 Ohio St.3d 280, 292-293, 1996-Ohio-107."
 {¶ 9} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). Mootispaw v. Eckstein, 76 Ohio St.3d 383, 385,1996-Ohio-389. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg, 65 Ohio St.3d 356, 358-359,1992-Ohio-95.
 {¶ 10} In her first assignment of error, Edvon contends that the trial court erred by granting summary judgment because a genuine issue of material fact exists as to whether the ice constituted an open and obvious condition.
 {¶ 11} The general rule in Ohio is that an owner or occupier of land ordinarily owes no duty to business invitees to remove natural accumulations of ice and snow on the premises, or to warn the invitees of the danger associated with natural accumulations of ice and snow. Brinkman v. Ross, 68 Ohio St.3d 82, 83,1993-Ohio-72; Debie v. Cochran Pharmacy-Berwick, Inc. (1967),11 Ohio St.2d 38. The underlying rationale is that "everyone is presumed to appreciate the risk associated with natural accumulations of ice and snow and, therefore, everyone is responsible to protect himself or herself against the inherent risks presented by natural accumulations of ice and snow."Brinkman, supra at 84.
 {¶ 12} Edvon contends that the trial court wrongly applied this general rule to the instant case because her injury was more than just a slip and fall on the ice. She argues that the hazardous condition was a crack in the ice, which created a genuine issue of material fact as to whether the hazard was open and obvious.
 {¶ 13} We find that Edvon's argument lacks merit. She testified at her deposition that she observed that the lot was covered with ice, which should have provided sufficient warning to proceed with caution. Because cracking is an inherent risk associated with ice, we find that the trial court properly applied the rationale of Brinkman. Accordingly, because of the open and obvious nature of the natural accumulation of ice on the parking lot, there was no duty to warn against it or remove it.
 {¶ 14} Next, Edvon contends in her second assignment of error that a genuine issue of material fact exists as to whether the ice was an unnatural accumulation. She claims that the six days that had elapsed since the last plowing combined with the placement of the snow piles created an unnatural accumulation of ice.
 {¶ 15} Notwithstanding the general rule, liability may attach if the owner or occupier negligently causes or permits an unnatural accumulation of ice or snow. Lopatkovich v. City ofTiffin (1986), 28 Ohio St.3d 204, 207. An "unnatural" accumulation of snow and ice is one that has been created by causes and factors other than meteorological forces of nature such as the inclement weather conditions of low temperature, strong winds, and drifting snow. Porter v. Miller (1983),13 Ohio App.3d 93, 95.
 {¶ 16} However, other than Edvon's bare assertions, there is no evidence in the record to support her argument that the ice was an unnatural accumulation. Edvon contends that the existence of the cracked ice alone constitutes proof that the parking lot was negligently maintained.
 {¶ 17} It is well-settled that when the top portion of a natural accumulation of ice and snow is plowed, the accumulation of snow and ice that remains is still a natural accumulation.Coletta v. University of Akron (1988), 49 Ohio App.3d 35. Thus, any accumulation that remained following the January 13 plowing of the parking lot does not constitute grounds for finding an unnatural accumulation.
 {¶ 18} Here, Lyons and Kubene submitted the affidavit of Richard Bing, president of Pro-Cut. Bing attested that the lot was plowed in accordance with industry standards, with the snow removed to the low end of the lot to minimize drainage onto the pavement as the snow melted. Edvon claims that the photographs offered at her deposition refute this statement. She argues that the photographs illustrate that snow piles were placed in a level area where she parked. However, there is nothing in the record to show that the snow piles near her van were not placed at the low end of the lot.
 {¶ 19} Further, contrary to Edvon's assertion in her third assignment of error, we find that the trial court's reliance on the affidavit as evidence of the maintenance of the lot was not error. Although the affidavit is not conclusory proof, it nevertheless supports Lyons' and Kubene's defense that the ice was a natural accumulation caused by weather conditions.
 {¶ 20} However, regardless of the trial court's reliance on the affidavit, the burden still rested with Edvon to establish the existence of an unnatural accumulation. Indeed, this court has repeatedly recognized that a plaintiff cannot establish improper plowing methods without the presentation of expert testimony. Mitchell v. Parkridge Apts., Ltd., Cuyahoga App. No. 81046, 2002-Ohio-5357, appeal denied, 98 Ohio St.3d 1479,2003-Ohio-974, citing Theobald v. Normandy Towers (Apr. 8, 1993), Cuyahoga App. No. 62106. See, also, Bittinger v.Klotzman (1996), 113 Ohio App.3d 847. Thus, to prove that the plowing methods were inadequate, Edvon needed to present expert testimony, which she failed to do.
 {¶ 21} Accordingly, we overrule Edvon's second and third assignments of error.
 {¶ 22} In her final assignment of error, Edvon contends that even though Elite Realty and Gohel did not own or maintain the parking lot, they nevertheless owed her a duty to warn against the dangerous condition. However, the Ohio Supreme Court has repeatedly held that in order to have a duty to keep premises safe for others, one must be in possession and control of the premises. See, e.g., Wireman v. Keneco Dist. Inc.,75 Ohio St.3d 103, 1996-Ohio-152; Simpson v. Big Bear Stores Co.,73 Ohio St.3d 130, 1995-Ohio-203; Beaney v. Carlson (1963),174 Ohio St. 409, 412 (holding that lessor and not the defendant-lessee was liable because control over the parking lot belonged to lessor). Because neither Elite Realty nor Gohel possessed or controlled the parking lot, we find that they owed no duty to Edvon.
 {¶ 23} Accordingly, the final assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J. and Gallagher, J. concur.
[1] Edvon does not challenge the trial court's grant of judgment on the pleadings for the insurance company on her bad faith claim nor does she challenge the dismissal of her remaining claims. Accordingly, these matters are not part of this appeal.