JOURNAL ENTRY and OPINION
{¶ 1} Appellant Daisy G. Collins appeals the trial court's granting summary judgment in favor of Marc Glassman, et al. She assigns the following errors for our review:
"I. The trial court erred to the prejudice of the Plaintiff ingranting a motion for summary judgment based upon the theoryother than set forth in plaintiff's claim."
 "II. The trial court erred in granting defendants' motion forsummary judgment without providing appellant her full opportunityto respond."
 "III. The trial court erred in overruling appellant's motionfor relief from judgment based upon mistake of fact."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} On January 23, 2003, after shopping at the Marcs store located at 13693 Lorain Avenue in Cleveland, Collin slipped and fell in the parking lot. The EMS transported Collins to Fairview Hospital where she was treated for a dislocated shoulder.
 {¶ 4} On January 14, 2005, Collins filed a premises liability action against Marc Glassman, Inc., the operator of the Marcs store, and against Fairwood Shopping Center, LTD., the owner of the property on which the store was located. In the complaint, Collins alleged that she sustained injuries when she slipped and fell in Marc's parking lot; she alleged she fell as a result of a cracked and raised cement, which was covered with unplowed snow and ice. Collins further alleged that Marcs failed to maintain the parking lot to remove the snow and ice which hid the dangerous and defective condition in the parking lot.
 {¶ 5} On April 28, 2005, the trial court conducted a case management conference and issued the following case management order:
"1. All discovery to be completed by not later than 8/5/05.This includes videotaped depositions of all witnesses to be usedat trial.
 2. Defendants to submit all expert reports by no later than7/1/05.
 3. The latest date for filing dispositive motions, if any, is8/12/05. Responses due in accordance with Local Rule 11(1). Replybriefs may not be filed without previous court approval.
 4. Trial scheduled for 10/3/05.
 5. Trial order entered and issued."[1]
 {¶ 6} On June 22, 2005, Marcs filed its motion for summary judgment and contended that it owed no duty to Collins for dangers incurred as a result of the natural accumulation of snow and ice. Marcs also contended that it owed no duty to Collins for a condition that was open and obvious.
 {¶ 7} On August 4, 2005, the trial court granted Marcs' motion for summary judgment. On August 5, 2005, Collins filed three motions: a motion to extend time to oppose summary judgment, a motion to extend time to complete discovery, and a motion to compel discovery. On August 16, 2005, the trial court denied all three motions as moot.
 {¶ 8} On September 2, 2005, Collins filed a motion for relief from judgment pursuant to Civ.R. 60(B). On September 6, 2005, Collins filed a notice of appeal. While the appeal was pending, on September 22, 2005, the trial court denied Collins' motion for relief from judgment as moot.
 {¶ 9} On October 21, 2005, Collins moved this court to remand the case back to the trial court to consider her motion for relief from judgment. On October 26, 2005, we granted Collins' motion to remand until November 26, 2005.
 {¶ 10} In response to our remand, the trial court journalized the following entry:
"On 9/22/05, the Court deemed plaintiff's original 60(B)motion as moot. Said motion had been filed on 9/2/05, andplaintiff subsequently filed its notice of appeal just four dayslater. The earliest this Court could have considered the motionwas 9/12/05, so plaintiff failed to afford this court adequatetime before it filed its notice of appeal, thereby divesting thisCourt of jurisdiction over the matter.
"* * *
"It has been the experience of this Court that upon limitedremands to consider a motion previously deemed moot that themoving party either filed a new motion or renew its motion. Forwhatever the reason, plaintiff has failed to take eitherstep."[2]
 {¶ 11} The trial court concluded that since no motion was pending as of November 21, 2005, therefore, it lacked jurisdiction to consider Collins' arguments.
 Summary Judgment {¶ 12} In the first assigned error, Collins argues the trial court erred in granting summary judgment in Marcs' favor on grounds unrelated to her theory of liability. We disagree.
 {¶ 13} We review an appeal from summary judgment under a de novo standard of review.[3] Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.[4] Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can reach only one conclusion which is adverse to the non-moving party.[5]
 {¶ 14} The moving party carries an initial burden of setting forth specific facts which demonstrate his or her entitlement to summary judgment.[6] If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will be appropriate only if the non-movant fails to establish the existence of a genuine issue of material fact.[7]
 {¶ 15} In support of its motion for summary judgment, Marcs attached a copy of Collins' deposition testimony. Collins testified in pertinent part as follows:
"Q. And what made you fall?
 A. Well, I think it was a combination of the ice and the faultin the pavement, because I remember very distinctly that Istubbed my toe, and because it was slippery, you know, I wasn'table to regain my balance because of the snow and ice.
 Q. So you believe that it was the ice and there was some kindof fault in the pavement?
 A. Correct.
 Q. Because you felt you stubbed your toe?
 A. Correct.
 Q. Which foot, left or right?
 A. The right foot is the one that I stubbed my toe.
 Q. So could you describe for me how you fell; do you feel likeyou stubbed your toe?
 A. Well, after I stubbed my toe and I was kind of, you know, Iwas sliding. Like I said, if it hadn't been for the snow and ice,I think I would have regained my balance, but it wasslippery."[8]
 {¶ 16} In its ruling, the trial court issued the following entry:
"Defendants have moved the Court, on 6/22/05, to grant summaryjudgment in their favor. As of the morning of 8/4/05, the Courthas yet to receive a brief in opposition to that motion. On1/23/03, plaintiff, a lifelong Clevelander, slipped-and-fellduring the daytime on some ice and snow that had accumulated indefendants' parking lot, stubbing her toe on some `raised'pavement. Plaintiff has since brought suit against defendantsclaiming that they breached their duty of care. The 8thDistrict Court of Appeals has consistently held that `an owner oroccupier of land ordinarily owes no duty to business invitee toremove the natural accumulations of ice and snow from thesidewalks on the premises, or to warn invitees of the dangerassociated with natural accumulation of ice and snow.' Flint v.Cleveland Clinic Foundation, (Cuyahoga 2002), 2002-Ohio-2747.Nevertheless, liability may attach if the owner of the premisesnegligently causes or allows an unnatural accumulation of snowand ice. In the case before this court, plaintiff has failed toprovide any evidence that the accumulation of ice and snow indefendants' parking lot was nothing more than a naturalaccumulation that was open and obvious. Moreover, given the factthat plaintiff was a lifelong Clevelander and that the falloccurred during daylight hours, reasonable mind could onlyconclude that plaintiff should have reasonably anticipated therisk associated with the open and obvious condition of the iceand snow. See Mubarak v. Giant Eagle (Cuyahoga 2004),2004-Ohio-6011; Edvon v. Lyons (Cuyahoga 2004),2004-Ohio-5597; Sellers v. Metrohealth Clement Center forFamily Care (Cuyahoga 2004), 2004-Ohio-4235."[9]
 {¶ 17} Construing the evidence in the light most favorable to Collins, we conclude that the trial court correctly granted Marcs' motion for summary judgment. The journal entry reveals that the trial court granted summary judgment in favor of Marcs because the snow and ice in the parking lot were a natural accumulation, and the condition was open and obvious.
 {¶ 18} First, as it relates to the natural accumulation of snow and ice, we note that Collins testified that she stubbed her toe and was unable to regain her balance because of the snow and ice. Collins' claim fails because there was no evidence submitted indicating that the accumulation of snow and ice was unnatural.
 {¶ 19} The general rule in Ohio is that an owner or occupier of land ordinarily owes no duty to business invitees to remove natural accumulations of ice and snow from the sidewalks on the premises, or to warn the invitees of the danger associated with natural accumulations of ice and snow.[10] The underlying rationale is that everyone is presumed to appreciate the risk associated with natural accumulations of ice and snow; therefore, everyone is responsible to protect himself or herself against the inherent risks presented by natural accumulations of ice and snow.[11]
 {¶ 20} Here, the record reveals that Collins has lived in Cleveland, Ohio for almost her entire life. As such, snow and ice is a part of wintertime life in Ohio.[12] Further, the record reveals that Collins was familiar with the Marcs store, having shopped there on numerous occasions prior to and after her fall. Finally, the record reveals that Collins fell during the daytime hours.
 {¶ 21} Second, as it relates to the open and obvious condition, we note that this doctrine states that an owner of a premises owes no duty to persons entering those premises regarding dangers that are open and obvious.[13] The Supreme Court of Ohio reaffirmed the open and obvious doctrine inArmstrong v. Best Buy.[14] The open and obvious nature of the hazard itself serves as a warning.[15] It is the character of the object that is the measure of its open and obvious nature. Thus, invitees may reasonably expect to discover those dangers and take appropriate measures to protect themselves.[16] When the open and obvious doctrine is applicable, it obviates the duty to warn and acts as a complete bar to recovery.[17]
 {¶ 22} Open and obvious hazards are neither hidden or concealed from view nor non-discoverable by ordinary inspection.[18] The determina-tion of the existence and obviousness of a danger alleged to exist on a premises requires a review of the facts of the particular case.[19]
Consequently, the bench mark for the courts is not whether the person saw the object or danger, but whether the object or danger was observable.[20]
 {¶ 23} Here, Collins testified that she lost her balance after she stubbed her toe on a portion of raised pavement in the parking lot. The Ohio Supreme Court has held that no liability exists for minor imperfections in the surface of such a parking area, because those slight irregularities are reasonably to be anticipated in any traveled surface.[21]
 {¶ 24} Here, by virtue of Collins' failure to file a responsive brief in opposition to Marcs' motion for summary judgment, there is no evidence that the alleged defect was more than a slight irregularity or minor imperfection in the pavement. No photographs or measurements were presented to rebut the notion that the raised pavement was a minor imperfection. Moreover, Collins testified that she believed she would have regained her balance had it not been for the snow and ice, which supports an inference that the raised pavement was nothing more than a minor imperfection.
 {¶ 25} We conclude, based on the record before us that the prevailing condition which Collins attributed to her fall, was a natural accumulation of snow and ice. Collins, a lifetime Cleveland resident, could appreciate the dangers inherent in wintertime life in Northern Ohio, and should have taken steps to protect herself.
 {¶ 26} We find that there are no genuine issues of material fact, thus, summary judgment was properly granted in Marcs' favor. Accordingly, we overrule the first assigned error.
 Failure to File Responsive Motion {¶ 27} In the second assigned error, Collins argues the trial court erred in granting summary judgment in Marcs' favor without giving her an opportunity to respond. Collins specifically contends that the trial court's case management order was ambiguous. We disagree.
 {¶ 28} The trial court's case management order states in pertinent part as follows:
"3. The latest date for filing dispositive motions, if any, is8/12/05. Responses due in accordance with Local Rule 11(1). Replybriefs may not be filed without previous court approval."
 {¶ 29} Initially, we note that there is nothing ambiguous about the above cited excerpt of the trial court's case management order. The order clearly states the deadline for filing dispositive motions was August 12, 2005, and that responses were due in accordance with Local Rule 11(1).
 {¶ 30} Loc.R. 11(1) provides:
"Unless otherwise ordered by the court motions for summaryjudgment shall be heard on briefs and other materials authorizedby civil rule 56(C) without oral arguments. The adverse party mayfile a brief in opposition with accompanying materials, withinthirty days after service of the motion."
 {¶ 31} In the instant case, Marcs filed its motion for summary judgment on June 22, 2005. Collins had until July 22, 2005 to file her brief in opposition, yet failed to do so. Consequently, on August 4, 2005, the trial court granted Marcs' motion for summary judgment.
 {¶ 32} Pursuant to the plain language of the local rules, the trial court did not err in ruling upon Marcs' motion for summary judgment after giving the parties the appropriate time in which to file its responsive briefs.[22] We note that Collins never gave any indication of an intent to file a response to the motion for summary judgment and never requested a simple extension of time. Collins' failure to respond to the merits of the motion for summary judgment was at her own peril. Based on the local rules and applicable law, the trial court properly considered and ruled on Marcs' motion for summary judgment, despite Collins' failure to file a brief in opposition. Accordingly, we overrule the second assigned error.
 Motion for Relief from Judgment {¶ 33} In the third assigned error Collins argues the trial court erred in overruling her motion for relief from judgment based upon a mistake of fact. We disagree.
 {¶ 34} A reviewing court reviews a trial court's decision on a motion for relief from judgment to determine if the trial court abused its discretion. "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias."[23]
 {¶ 35} To prevail on a motion for relief from judgment brought pursuant to Civ.R. 60(B), the movant must meet what is essentially a three-prong test.[24] The movant must establish that she has a meritorious claim or defense to present if the court grants relief.[25] Additionally, the movant must demonstrate her entitlement to relief under one of the grounds stated in Civ.R. 60(B).[26] Finally, the movant must make the motion within a reasonable time after the court entered the judgment.[27]
 {¶ 36} In the instant case, with respect to the third prong, Collins filed her motion for relief from judgment within a reasonable time and not more than one year after judgment. Collins' motion for relief from judgment was filed within thirty days of the trial court's August 4, 2005 judgment entry. As a result, we find that Collins satisfied the third prong, and will focus our analysis solely upon the first and second prongs.
 {¶ 37} Although a movant is not required to support its motion with evidentiary materials, the movant must do more than make bare allegations that he or she is entitled to relief.[28] To successfully establish a claim under Civ.R. 60(B), the movant must present "operative facts" which would warrant relief from judgment. Operative facts are facts that tend to show the existence of a meritorious defense or claim.[29] Thus, Collins' burden of proof requires that she substantiate the claims and allegations set forth in her motion for relief from judgment through operative facts.[30]
 {¶ 38} In the instant case, Collins did not advance a meritorious claim to demonstrate that summary judgment in favor of Marcs was inappropriate. Collins needed to set forth specific operative facts showing that her fall was a result of an unnatural accumulation of snow and ice, and further, that the raised pavement was more than a minor imperfection in the parking lot. Collins did not submit such evidence. Thus, Collins has failed to satisfy the first prong of the GTE test.
 {¶ 39} The second prong of the GTE test requires Collins to demonstrate that she is entitled to relief on one of the grounds set forth in Civ.R. 60(B). Collins argues she is entitled to relief from judgment under the "excusable neglect" provision of Civ.R. 60(B)(1), due to her failure to file a brief in opposition to Marcs' motion for summary judgment. The term "excusable neglect" is an elusive concept which has been difficult to define and to apply.[31] Instead, the Supreme Court of Ohio has defined "excusable neglect" in the negative and has stated that the inaction of a defendant is not "excusable neglect" if it can be labeled as a complete disregard for the judicial system.[32]
 {¶ 40} The failure to file a response to a motion for summary judgment, standing alone, does not amount to excusable neglect.[33] Here, the trial court's case management order unambiguously stated that the deadline for filing dispositive motions was August 12, 2005, and that responses were due in accordance with Local Rule 11(1). Nonetheless, Collins failed to file a brief in opposition to Marcs' motion for summary judgment, nor did she request an extension of time.
 {¶ 41} Further, the trial court's August 16, 2005, journal entry reads as follows:
"Defendants had moved for summary judgment on 6/22/05. Inaccordance with Loc.R. 11(1), Plaintiff's brief in opposition wasdue on approximately 7/22/05. The Court waited until 8/4/05,nearly two weeks later, before granting Defendants' motion on8/5/05."
 {¶ 42} Collins did not allege the failure to file a response was due to any extenuating circumstances. Instead, in Collins' affidavit in support of her motion for relief from judgment, Collins' counsel averred the following:
"4. That plaintiff's counsel was aware that he was in defaultof replying to the Motion for Summary Judgment, but had his eyeon the clock in the sense that he was also aware that thediscovery period did not expire until August 5, 2005 and that hehad until August 12, 2005 to file a Motion for Summary Judgmenton behalf of plaintiff under the court's case management plan.
 5. While struggling to manage an active practice with limitedresources, it is sometimes necessary to make choices in theallocation of time.
 6. Obviously, counsel's assessment that the defense Motion forSummary Judgment was unlikely to succeed, even without a responseshould that happen before he got his opposition in, was a grossmiscalculation to the prejudice of plaintiff'sclaims."[34]
 {¶ 43} The above affidavit fails to point to specific operative facts to show that Collins was entitled to relief from judgment due to excusable neglect. Thus, Collins has failed to meet the second prong of the GTE test. Since Collins failed to meet the first and second prongs of the GTE test, the trial court did not abuse its discretion by denying her motion for relief from judgment. Accordingly, we overrule the third assigned error.
Judgment affirmed.
It is ordered that appellee recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Gallagher, J., concur.
[1] Journal Entry April 29, 2005.
[2] Journal Entry November 21, 2005.
[3] Baiko v. Mays (2000), 140 Ohio App.3d 1, citing Smiddyv. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35; NortheastOhio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs. (1997),121 Ohio App.3d 188.
[4] Id. at 192, citing Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704.
[5] Temple v. Wean United, Inc. (1997), 50 Ohio St.2d 317,327.
[6] Dresher v. Burt, 75 Ohio St.3d 280, 292-293,1996-Ohio-107.
[7] Id. at 293.
[8] Depo. at page 19.
[9] Journal Entry August 4, 2005.
[10] Brinkman v. Ross, 68 Ohio St.3d 82, 83, 1993-Ohio-72;Debie v. Cochran Pharmacy-Berwick, Inc. (1967),11 Ohio St.2d 38.
[11] Brinkman, supra at 84.
[12] Lapatcovich v. Tiffen (1986), 28 Ohio St.3d 204.
[13] Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus.
[14] 99 Ohio St.3d 79, 2003-Ohio-2573.
[15] Id. at 80.
[16] Id., citing Simmers v. Bentley Constr. Co.64 Ohio St.3d 642, 644, 1992-Ohio-42.
[17] Armstrong, 99 Ohio St.3d at 80.
[18] Parsons v. Lawson Co. (1989), 57 Ohio App.3d 49, 50-51.
[19] Miller v. Beer Barrel Saloon (May 24, 1991), 6th
Dist. No. 90-OT-050.
[20] See Kirksey v. Summit Cty. Parking Deck, 9th Dist. No. 22755, 2005-Ohio-6742.
[21] Jeswald v. Hutt (1968), 15 Ohio St.2d 224.
[22] See Francis E. Gaul v. Sterling Plate Glass Paint, Co.,et al. (Aug. 25, 1994), Cuyahoga App. No. 64842.
[23] Nakoff v. Fairview General Hospital (1996),75 Ohio St.3d 254, 256-257.
[24] McCann v. City of Lakewood (1994), 95 Ohio App.3d 226,235-236.
[25] Id.
[26] Id.
[27] Id.
[28] Kay v. Glassman, 76 Ohio St.3d 18, 20, 1996-Ohio-430.
[29] Concord Twp. Trustees v. Hazelwood Builders, Inc. (July 21, 2000), 11th Dist. No. 98-L-249.
[30] See, e.g., Lundstrom v. Lundstrom, 11th Dist. No. 2001-G-2381, 2002-Ohio-7127.
[31] Kay, supra at 20.
[32] Id., citing GTE Automatic Electric v. ARC Industries,47 Ohio St.2d at 153; Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 21.
[33] Blair v. Boye-Doe, 157 Ohio App.3d 17, 2004-Ohio-1876;Gregory v. Abdul-Aal (March 12, 2004), 11th Dist. No. 2002-T-0176, 2004-Ohio-1703.
[34] Collins Affidavit.