OPINION
{¶ 1} This is an appeal from the denial of a Civil Rule 60(B) motion as to a default judgment rendered by the Common Pleas Court of Stark County.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The Complaint in the underlying action was filed July 25, 2005, alleging that an illegal junkyard and/or scrap metal facility was being operated at 5253 Georgetown Road, N.E., East Canton, Osnaburg Township, Stark County, Ohio.
 {¶ 3} Service was made by certified mail on John Bylsma, statutory agent of Appellant, on July 28, 2005.
 {¶ 4} No responsive pleading was filed by Appellant and on September 6, 2005, Appellee moved for default judgment.
 {¶ 5} Judgment was granted on September 19, 2005.
 {¶ 6} On February 10, 2006, Appellant filed a motion to vacate the default judgment. Such was denied on February 28, 2006.
 {¶ 7} A notice of appeal, Case No. 2006CA00088, was filed March 29, 2006.
 {¶ 8} A motion to vacate the judgment of February 28, 2006, was filed on April 4, 2006, and denied on April 4, 2006.
 {¶ 9} A notice of appeal from this April decision was filed. (2006CA00094). Both appeals were consolidated.
 {¶ 10} The initial 60(B) motion asserted that Appellant had not been notified of the suit by Mr. Bylsma and was unaware thereof and claimed a meritorious defense.
 {¶ 11} The fact that Mr. Bylsma was the statutory agent was not contested although Appellant asserted that it had not been able to locate him.
 {¶ 12} The second motion to vacate the February 28, 2006, entry asserted that Mr. Bylsma (asserted age of 79) was not mentally competent to serve as statutory agent and that this was the cause of the failure to respond to the Complaint.
 {¶ 13} Two Assignments of Error are raised.
 ASSIGNMENTS OF ERROR {¶ 14} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S TWO MOTIONS TO VACATE.
 {¶ 15} "II. THE TRIAL COURT ERRED IN FAILING TO CONDUCT AN EVIDENTIARY HEARING ON APPELLANT'S TWO MOTIONS TO VACATE."
 I. {¶ 16} We agree with Appellee that an abuse of discretion standard applies to the denial of a 60(B) motion:
 {¶ 17} In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 18} Civil Rule 60(B) provides:
 {¶ 19} "(B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
 {¶ 20} The affidavit supporting the second motion relies on information which the affiant, Wilbur Olmstead, learned from the prosecutor who obtained information from a nephew of the statutory agent that such agent was in a nursing home with Alzheimer's disease.
 {¶ 21} No attempt was made to personally verify such data, provide dates involved, condition of the agent, status of mail received, etcetera. In other words, while affidavits are to be based on personal knowledge, this was not done.
 {¶ 22} The initial motion to vacate the default judgment states as a basis for relief under Civ. R. 60(B)(1) or (B)(5) that "for reasons unknown", Mr. Bylsma did not forward notification of suit.
 {¶ 23} The affidavits in support of this motion effectively state only that the whereabouts of such statutory agent are unknown.
 {¶ 24} The second motion denies the legal obligation of a continuing affirmative duty to verify the physical and mental competency of Mr. Bylsma to serve as statutory agent.
 {¶ 25} The Court denied the two motions based upon a failure of meeting Appellant's burden of proof as to the requirements of Civ. R. 60(B).
 {¶ 26} We agree.
 {¶ 27} As stated in Collins v. Glassman (2006), 8th
Dist. App. No. 86983, 2006-Ohio-3493, the Eighth District correctly held:
 {¶ 28} "To prevail on a motion for relief from judgment brought pursuant to Civ.R. 60(B), the movant must meet what is essentially a three-prong test. The movant must establish that she has a meritorious claim or defense to present if the court grants relief. Additionally, the movant must demonstrate her entitlement to relief under one of the grounds stated in Civ.R. 60(B). Finally, the movant must make the motion within a reasonable time after the court entered the judgment."
 {¶ 29} Appellant herein has failed to carry its burden of establishing entitlement to relief under one of the grounds under Civ. R. 60(B). A mere recitation of unknowns or reliance on hearsay in an affidavit rather than on personal knowledge is insufficient.
 {¶ 30} Nothing provided to the Court was sufficient to indicate the reasons that Appellant did not respond to the suit timely.
 {¶ 31} No abuse of discretion has been established.
 {¶ 32} The First Assignment of Error is denied.
 II. {¶ 33} The Second Assignment asserts error in the lack of an evidentiary hearing.
 {¶ 34} We find that Appellant, as in State v. Seidner (1996),76 Ohio St.3d 149, failed to allege operative facts warranting relief from judgment requiring an evidentiary hearing.
 {¶ 35} No abuse of discretion in this regard is present.
 {¶ 36} The judgment of the Stark County Court of Common Pleas is affirmed at Appellant's costs.
Boggins, J. Wise, P.J. and Farmer, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.