DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from an order of the Wood County Court of Common Pleas, denying a motion for relief from a summary judgment issued in a personal injury suit. *Page 2 
 {¶ 2} Appellant, Gary D. Meyer, Jr.,[1] was injured while playing on a trampoline at the Bloomdale, Ohio home of appellees, Roger and Julie Geyman. Appellant sued appellees in Richland County, alleging that his injuries were caused by the reckless behavior of appellees' minor son, Jared Geyman. On May 16, 2005, the matter was transferred to Wood County on appellees' motion.
 {¶ 3} On January 6, 2006, appellees moved for summary judgment, arguing that appellant could not prove that their son was reckless or that his behavior was intentional as would be necessary to prevail on a claim between children involved in recreational activity. On February 2, 2006, appellant filed a Civ.R. 41 dismissal in Richland County, but filed nothing in Wood County. On February 17, 2006, finding appellees' motion unopposed, the trial court granted them summary judgment.
 {¶ 4} On January 18, 2007, appellant moved for relief from judgment pursuant to Civ.R. 60(B)(1), arguing that filing his notice of dismissal in the wrong court was inadvertent and that, had he successfully filed his notice in the correct court, the action would have been preserved by Ohio's savings statute. Finding both that his motion was untimely and that it failed to present a meritorious claim to present if relief was granted, the trial court denied the motion.
 {¶ 5} From this order, appellant now brings this appeal, asserting that the trial court's determination that his motion was untimely was erroneous and its conclusion that appellant failed to state a meritorious claim was mistaken. *Page 3 
 {¶ 6} In material part, Civ.R. 60(B) provides:
 {¶ 7} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * *. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *"
 {¶ 8} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE AutomaticElectric, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, at paragraph two of the syllabus.
 {¶ 9} The decision of whether to grant or deny a motion for relief from judgment rests within the sound discretion of the court.Adomeit v. Baltimore (1974), 39 Ohio App.2d 97, 103.
 {¶ 10} Appellant argues that his motion was timely filed because the rule expressly permits up to a year for bringing a motion premised on Civ.R. 60(B)(1). Thus, he insists, filing 11 months after the grant of summary judgment is clearly within the rule.
 {¶ 11} Appellees respond that one year is only the outside limit of a Civ.R. 60(B)(1) motion. Citing Middletown v. Campbell (1984),21 Ohio App.3d 63, 65, *Page 4 
appellees insist that the motion must be raised not only within a year, but also within a reasonable time. What is reasonable is dependent on the specific facts and circumstances of each case. In this case, they maintain, the trial court did not abuse its discretion by finding unreasonable appellant's wait of very nearly a year after discovering his error.
 {¶ 12} We agree with appellees that the rule imposes a duty of reasonable timeliness in addition to a one-year perimeter for a Civ.R. 60(B)(1) motion. See Staff Notes to Civ.R. 60(B). We need not reach, however, the question of whether the 11 month delay here was reasonable, because the rule also imposes on the moving party an affirmative duty to demonstrate a meritorious defense or claim should relief be granted.
 {¶ 13} "Meritorious," in this context, refers to the substantive merits of the underlying claim. Although evidentiary material is not required, a movant must put forth some arguable position by which he or she can prevail on the claim should relief be granted. In a motion to set aside a summary judgment, the movant must present some operational facts which would demonstrate that the grant of summary judgment was inappropriate. Collins v. Marc Glassman, Inc., 8th Dist. No. 86983,2006-Ohio-3493, ¶ 37-38.
 {¶ 14} In the trial court and on appeal, appellant states only that the matter should be reopened because he inadvertently filed a Civ.R. 41 dismissal in the wrong court. He says nothing about any potential defenses to the motion for summary judgment. Thus, he fails to offer any meritorious defenses or claims to the substantive action. Consequently, the trial court was within its discretion in denying his motion. *Page 5 
 {¶ 15} Accordingly, both of appellant's assignments of error are not well-taken.
 {¶ 16} On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J., concur.
[1] A minor through his parents, appellants Gary and Lori Meyer. *Page 1