[Cite as *Hendricks v. Ventra Sandusky, L.L.C.*, 2025-Ohio-1288.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Jamie L. Hendricks

     Appellant

v.

Ventra Sandusky, LLC, et al.

     Appellees

Court of Appeals No.  E-24-047

Trial Court No.  2023 CV 0345

**<u>DECISION AND JUDGMENT</u>**

Decided:  April 11, 2025

\* \* \* \* \*

Mitchell A. Stern, for appellant, Jamie L. Hendricks

Carrie L. Urrutia and Kimberly S. Kondalski, for appellee,
Ventra Sandusky, LLC.

\* \* \* \* \*

**MAYLE, J.**

**{¶ 1}** The plaintiff-appellant, Jamie L. Hendricks, appeals the September 6, 2024

judgment of the Erie County Court of Common Pleas that denied her motion for relief from

judgment.  As set forth below, we affirm.

## I.  Background

**{¶ 2}** This is an administrative appeal of a workers' compensation claim filed by

Hendricks against the defendant-appellees, Ventra Sandusky, LLC and the Ohio Bureau of

Workers' Compensation. Following the denial of her claim by the Industrial Commission of Ohio, Hendricks appealed to the Erie County Court of Common Pleas on August 28, 2023, pursuant to R.C. 4123.512.

{¶ 3} On June 20, 2024, the trial court dismissed Hendrick's case "for want of prosecution" under Civ.R. 41(B)(1). In its judgment, the court found that Hendricks had failed to attend the initial case management conference, held telephonically on April 11, 2024, and then failed to attend the rescheduled case management conference, held telephonically on June 20, 2024. The court noted that defense counsel had "appeared at both scheduled hearings." Hendricks did not appeal the judgment entry of dismissal.

{¶ 4} On July 19, 2024, Hendricks filed a "Motion for Relief from Judgement" in the trial court, requesting that it vacate its entry of dismissal and reinstate her case to the active docket. The motion—in its entirety—stated the following:

> The undersigned counsel was involved in a previously scheduled Settlement Conference in [another] case [in Cuyahoga County]. Due to the length of the Settlement Conference, the undersigned inadvertently failed to call the Court for the Case Management Conference rescheduled for 10:30 a.m. No disrespect was intended towards the Court and opposing counsel.

Hendricks included no supporting materials with the motion.

{¶ 5} On September 6, 2024, the trial court found Hendricks's motion not well-taken. Hendricks appealed, and raised a single assignment of error for our review.

**STATEMENT OF ASSIGNMENT OF ERROR**: The Trial Court erred in denying the plaintiff's Motion for Relief from Judgement.

2.

## II. Law and Analysis

**{¶ 6}** Hendricks claims that the trial court erred in denying her "motion for relief from judgement." Despite her assignment of error, Hendricks's brief makes no mention of the civil rule at issue, Civ R 60(B) ("Relief from judgment or order"). Instead, Hendricks devotes the entirety of her brief to the argument that the trial court erred when it dismissed her case on June 20, 2024. Hendricks claims that, under Civ.R. 41(B)(1), the trial court abused its discretion when it chose "the extremely harsh sanction of dismissal" without first providing notice that "dismissal was a possibility" for failing to appear at the case management conference. There are several problems with this.

**{¶ 7}** First, Hendricks could have, but did not, appeal the trial court's June 20, 2024 judgment. It is well-recognized that a Civ.R. 60(B) motion may not be used as a substitute for appeal. *Alselaim v. Ahreshien,* 2023-Ohio-2420, ¶ 65 (6th Dist.).

**{¶ 8}** Second, in her motion for relief from judgment, Hendrick did not argue that the trial court violated the notice requirement under Civ.R. 41(B). When reviewing arguments on appeal, we cannot consider issues that are raised for the first time. "[R]eviewing courts do not consider questions not presented to the court whose judgment is sought to be reversed." *Goldberg v. Indus. Comm.,* 131 Ohio St. 399, 404 (1936).

**{¶ 9}** Finally, and most importantly, Hendricks's motion to the trial court (like her arguments on appeal) do not meet the requirements Civ.R. 60(B). Under Civ.R. 60(B), a trial court may relieve a party from a final judgment under the following circumstances:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding

3.

for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect . . . The motion shall be made within a reasonable time, and for reason[] (1). . . not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

{¶ 10} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. "If any of these three requirements is not met, the motion should be overruled." *Rose Chevrolet, Inc. v. Adams,* 36 Ohio St. 3d 17, 20 (1988). The decision to grant or deny a Civ.R. 60(B) motion lies within the trial court's discretion, and the decision will be reversed only for an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987).

{¶ 11} Here, Hendricks did not attempt to make any showing that she has meritorious claim if relief is granted. "Meritorious," in this context, "refers to the substantive merits of the underlying claim." *Meyer v. Geyman*, 2007-Ohio-5474, ¶ 13 (6th Dist.). Although a movant need not prove that she will "prevail on the merits of the claim[]," *Moore v. Emmanuel Fam. Training Ctr., Inc.,* 18 Ohio St.3d 64, 67 (1985), she nonetheless "must allege supporting operative facts with enough specificity to allow the court to decide that the movant has a [claim] that [s]he could have successfully argued at trial." *Ellison v. K 2 Motors, L.L.C.,* 2023-Ohio-1871, ¶ 27 (10th Dist.), quoting *Mattingly v. Deveaux*, 2004-Ohio-2506, ¶ 10 (10th Dist.).

4.

{¶ 12} In her motion for relief, Henrick alleged no "operative facts" to allow the trial court to evaluate whether she has a viable claim. Indeed, Hendricks failed to identify even the nature of her claim, i.e. a workers' compensation claim, much less demonstrate that it is meritorious. Hendricks's failure to do so is fatal to her motion. *See, e.g., Elton v. Cleveland Steel Container Corp.,* 2023-Ohio-2253, ¶ 3 (11th Dist.) (Although appellant's trial attorney "apparently suffered from dementia and failed to attend pretrials or engage in discovery," the trial court did not err by denying appellant's Civ.R. 60(B) motion for relief from judgment where appellant has not established that he has a meritorious claim to raise if relief is granted); *see also Dickson v. British Petroleum,* 2002-Ohio-7060, ¶ 12 (8th Dist.) (Affirming denial of Civ.R. 60(B) motion where appellants "failed to set forth a meritorious defense or claim as a basis for relief.").

{¶ 13} Because Hendricks failed to establish that she has a meritorious claim, we need not consider the other two prongs of the *GTE* test. *Rose Chevrolet, Inc. v. Adams,* 36 Ohio St. 3d 17, 20 (1988) ("If any of these three requirements is not met, the motion should be overruled.").

{¶ 14} We therefore find that the trial court did not abuse its discretion in denying Hendrick's motion for relief from judgment, and her sole assignment of error is not well-taken.

5.

## III. Conclusion

{¶ 15} Hendrick's assignment of error is found not well-taken, and the September 6, 2024 judgment by the Erie County Court of Common Pleas is affirmed. Pursuant to App.R. 24, Hendricks is ordered to pay the costs of this appeal. It is so ordered.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.     _____
               JUDGE

Gene A. Zmuda, J.

Myron C. Duhart, J.     _____
CONCUR.            JUDGE

_____
            JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.